UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PEOPLE'S UNITED BANK,        )
NATIONAL ASSOCIATION,        )
                             )
         Plaintiff           )
v.                           )         No. 2:19-cv-00528-JDL
                             )
MYLES ALPERT,                )
                             )
         Defendant           )

## MEMORANDUM DECISION AND
## ORDER ON MOTION FOR ALTERNATIVE SERVICE

In this action to enforce a commercial guaranty, plaintiff People's United Bank, National Association ("People's United Bank"), seeks to serve defendant Myles Alpert by leaving "the summons and complaint at the entry of the secure building where Defendant's usual place of abode is located, and by mailing a copy of the same to the Defendant at his said abode[.]" Motion for Alternative Service ("Motion") (ECF No. 5) at 1. Because the plaintiff has failed to supply the requisite proposed order, the Motion is denied without prejudice.

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process[.]" *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016); Fed. R. Civ. P. 4(e)(2). Service may also be accomplished "by following state law for serving a summons in an action brought in courts of general jurisdiction

1

in the state where the district [court] is located or where service is made." *Edson*, 2016 WL 3257003, at *2; Fed. R. Civ. P. 4(e)(1).

Maine law allows service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method[.]" Me. R. Civ. P. 4(g)(1). To meet that standard, the movant must provide "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule (4)(g)(2), as well as an affidavit showing that (i) the movant "has demonstrated due diligence in attempting to obtain personal service of process in a manner otherwise prescribed by Rule 4 or by applicable statute[,]" (ii) "[t]he identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process[,]" and (iii) "[t]he requested method and manner of service is reasonably calculated to provide actual notice of the pendency of the action to the party to be served and is the most practical manner of effecting notice of the suit." Me. R. Civ. P. 4(g)(1)-(2).

The plaintiff has failed to submit the draft proposed order required by Rules 4(g)(1) and (2). *See U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Pinette*, 2:19-cv-00147-LEW, 2019 WL 5225446, at *3 (D. Me. Oct. 16, 2019) (granting motion for service by alternate means but directing plaintiff to "submit for the Court's consideration a proposed order of service that complies with the requirements of Maine Rule of Civil Procedure 4(g)"). This, in turn, warrants the denial without prejudice of the Motion. *See, e.g.,* Order on Plaintiff's Motion for Alternative Service (ECF No. 14), *Venable v. Lewiston Police Dep't.*, No. 2:17-cv-00473-DBH (D. Me. Jan. 8, 2018) (denying motion for alternative service for, *inter alia*, failing to submit draft proposed order pursuant to Maine Rule of Civil Procedure 4(g)); Memorandum Decision on

Plaintiff's Motion to Allow Service by Alternative Method (ECF No. 11), *Nationstar Mortg. LLC v. JMMKC Corp.*, No. 2:16-cv-00512-JDL (D. Me. Dec. 29, 2016) (same).

The plaintiff's motion, as filed, accordingly is denied, and the plaintiff is granted leave to file a new motion attaching the missing proposed order as discussed herein, should it elect to do so.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 26th day of December, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge